[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a petition seeking habeas corpus relief from allegedly unlawful confinement resulting from a judgment of conviction, after a jury trial, for manslaughter first degree, in violation of General Statutes § 53a-55 (a)(1), upon which judgment the petitioner received a total, effective sentence of twenty years incarceration, consecutive to any other sentence the was serving.
In his amended petition, the petitioner claims that his confinement is unlawful because his trial counsel, Attorney William Gerace, rendered ineffective assistance at his criminal trial by failing to investigate the case adequately; by failing to call certain witnesses; and by failing to discover and offer at trial purportedly exculpatory evidence . Other specific claims of ineffectiveness set forth in the amended petition were expressly abandoned at the onset of the habeas hearing.
A review of the evidence presented at the habeas hearing, including a transcript of the petitioner's criminal trial, reveals that, at that trial, the prosecution alleged and offered evidence tending to prove that on October 23, 1989, the petitioner was the sole passenger sitting in the rear section of a Datsun driven by Kendall Crowe. Uracca Lindsay was occupying the front, passenger seat. Crowe and the petitioner are black, and Lindsay is white. On the date in question Lindsay had a blue and white cast on one arm. While driving between Weaver High School in Hartford and Bloomfield High School in Bloomfield, the Datsun passed a Jeep Cherokee containing occupants who had been in a dispute with those in the Datsun. Antwane Williams-Bey drove the Jeep, which was also occupied by Kevin Waite, Gregory Bolling, and Wendell Pinkney. The feuding parties recognized each other, and the two vehicles engaged in a series of turns and stalking actions until the cars neared Mt. Sinai Hospital in Hartford. About this time, Lindsay pointed a gun out of his window toward the Jeep but fired no shot. A little later, the two vehicles passed each other while going in opposite directions on Blue Hills Avenue. The petitioner pointed a gun at the Jeep and fired a shot which struck and killed Pinkney. During this chain of events, a third car, an Oldsmobile, was travelling in CT Page 13267 proximity of the Jeep. That car was occupied by Trevor Cumberbatch and "Tiger" Barry, friends of those in the Jeep.
On April 9, 1991, the jury considering the petitioner's murder charge rendered a guilty verdict on a lesser included offense of manslaughter first degree. The trial court granted the petitioner's motion to set aside a guilty verdict on a conspiracy count. The petitioner appealed from the judgment of conviction, which judgment was affirmed on November 24, 1992, State v. Andrews,29 Conn. App. 533 (1992).
Essentially, the petitioner complains that Gerace failed to interview and produce the testimony of the petitioner's companions in the Datsun, Kendall Crowe and Uracca Lindsay, and Andre Crowe, Kendall's brother, as well as Robert Hathaway, a former Connecticut State Trooper who had conducted a firearms examination concerning the caliber of the bullet which killed the victim. Also, the petitioner claims that Gerace ought to have introduced the statements of Andre Crowe and Hathaway's written report.
Our Supreme Court has adopted the two-pronged Strickland test for evaluating ineffective assistance claims, Johnson v.Commissioner, 218 Conn. 403 (1991), p. 425. Under this standard, the petitioner must prove both that his trial attorney's performance was deficient, and that this deficient performance prejudiced his defense. Id., p. 424. If it is easier to dispose of the claim on the ground of insufficient prejudice, the habeas court need not address the question of counsel's performance,Pelletier v. Warden, 32 Conn. App. 38 (1993), p. 46. Because the court concludes that an examination of the prejudice component of the Strickland test is dispositive, the court proceeds to address that issue directly.
In order to satisfy the prejudice prong of the Strickland
test, the petitioner must prove, by a preponderance of the evidence, that there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different, Levine v. Manson, 195 Conn. 636 (1985), p. 640. Reasonable probability means a probability sufficient to undermine confidence in the verdict, Bunkley v. Commissioner,222 Conn. 444 (1992), p. 454; that is, the petitioner must show that there is a reasonable probability that he remains burdened by an unreliable determination of guilt, Id.
At the habeas hearing neither party called Kendall Crowe, CT Page 13268 Andre Crowe, or Lindsay as a witness. Consequently, no evidence was adduced at the habeas hearing as to the availability or willingness of these persons to be interviewed by the defense team while the petitioner's criminal case was pending. The court finds that Kendall Crowe was at that time a codefendant and was represented by Attorney Jon Schoenhorn. Lindsay had fled the United States and was a fugitive while the petitioner's criminal case was active.
A fundamental flaw in the petitioner's habeas claim arises because the absence of testimony at the habeas hearing from these persons undermines the petitioner's effort to prove that the testimony of these persons, if available at his criminal trial, would have been favorable to the petitioner. The court cannot speculate or presume that their testimony would have been exculpatory. The burden of demonstrating prejudice is on the petitioner, and without any evidentiary basis as to the probable testimony that could have been elicited from these persons, if available to testify, the petitioner has failed to meet this burden.
As to Andre Crowe, the habeas court has the benefit of a police report recounting Andre Crowe's statements given to the police shortly after the shooting (Petitioner's Exhibit E). This report indicates that Andre Crowe gave three conflicting versions regarding the disposition of the weapon used in the shooting. He first stated that he and Lindsay located the gun in Keeney Park and threw it in the Connecticut River. He than altered his story to indicate that the petitioner threw the weapon in the river. His final version reverted back to his original story. The police officer who prepared the report noted that Andre Crowe appeared to lack basic knowledge about the shooting and frequently interspersed reference to God and suicide in his statements. Andre indicated to the officer that Lindsay was in custody, and he feared Lindsay would incriminate him. Actually, Lindsay was never apprehended and was then a fugitive. The court finds that the petitioner has failed to prove that Andre Crowe's testimony at the petitioner's criminal trial would have exonerated the petitioner and that the petitioner was prejudiced by the absence of Andre Crowe's testimony or statements. Andre Crowe was never produced as a witness at the habeas hearing, and the beneficial impact of his prospective testimony remains unproven.
Robert Hathaway did testify at the habeas hearing. Neither party at the petitioner's criminal trial called him as a witness. CT Page 13269 Hathaway examined the fatal bullet and determined that it fell within the size range of a .38 caliber slug. His finding was detailed in a written report (Petitioner's Exhibit D). The court has carefully reviewed all the evidence presented at the petitioner's criminal trial and determined that the caliber of the bullet played no significant part in the case.
Waite testified at the criminal trial that he saw the petitioner, seated in the rear of the Datsun, aim a gun at the Jeep and fire it. Waite was unable to identify the type of firearm employed. Waite had known the petitioner for about a year before the incident. Cumberbatch also identified the petitioner as located in the rear seat of the Datsun. He had been a neighbor and friend of the petitioner and had known the petitioner for six years before the shooting. Cumberbatch also was unable to specify the kind of gun he saw in the Datsun. Bolling identified the petitioner as sitting in the backseat of the Datsun and as the person holding the gun. He was unable to identify its type. Williams-Bey, who had known the petitioner for a couple of years, indicated that he observed the petitioner seated in the rear of the Datsun. He also stated that he saw the petitioner point the gun at the Jeep just before the heard a gunshot. He was also unaware of the type of gun which the petitioner held.
Had these eyewitnesses denoted the particular type and/or caliber of firearm used and had that description conflicted with the caliber of the fatal bullet, Hathaway's examination and findings may have been important to the case. Because these witnesses never specified the type of firearm they observed, Hathaway's findings were insignificant to the defense case.
The court finds that the petitioner has failed to prove, by a preponderance of the evidence, that, but for the lack of testimony of Kendall and Andre Crowe, Lindsay, and Hathaway, the outcome of the petitioner's criminal trial would have been different, and the second, or prejudice, component of the Strickland standard remains unsatisfied.
For these reasons, the petition is dismissed.
Sferrazza, J. CT Page 13270